ISHEE, J.,
dissenting:
•¶26. With respect to the majority, I must dissent. Mike and Sheila filed for divorce on the ground of irreconcilable differences. However, in granting the divorce, the chancery court made the following statements:
[Tjhis was a 26[-]year marriage and[,j as previously stated, the [cjourt determines that Mike was primarily at fault for its collapse.
[[Image here]]
[Tjhe [cjourt concludes that Mike’s conduct toward [Sheila] was the cause of the separation and constituted habitual cruel and inhuman treatment.
¶ 27. While I recognize that we approve consideration of the Armstrong factor of fault when awarding alimony, we have also held that “[ijn a divorce based upon irreconcilable differences^] there is not any spousal fault that underlies the legal determination to grant a divorce.” Driste v. Driste, 738 So.2d 763, 765 (¶ 8) (Miss.Ct.App.1998). We have further held that a “chancellor should exercise discretion to restrict the evidence such that the determination of relative fault for the purposes of awarding alimony does not become the equivalent of trying a contested divorce.” Id. at 766 (¶ 9).
¶ 28. I find the chancery court’s statements make evident its consideration of Mike’s fault when granting the divorce— not merely in determining an award of alimony. The chancery court’s conclusion that Mike’s behavior constituted “habitual cruel and inhuman treatment” improperly alters the case from one based on irreconcilable differences to a fault-based proceeding. The chancery court committed *105 reversible error in doing so. As such, I would reverse and remand this case for a new trial.
JAMES, J., JOINS THIS OPINION IN PART.